J. D. HAMILTON *et al. v.* MOUND CITY MUTUAL LIFE
INSURANCE COMPANY.

CONVEYANCE. *Husband and wife. Remaindermen. Power. Execution.* A
conveyance to a trustee for benefit of husband and wife, with remain-
der to their children, and the trustee clothed with the power to sell
and convey, with assent of husband and wife or the survivor, their
discretion cannot be controlled in the absence of fraud, and the con-
veyance of the trustee, with the assent of the husband and wife, will
defeat the remaindermen.

FROM DAVIDSON.

Appeal from the Chancery Court at Nashville. W.
F. COOPER, Ch.

T. M. STEGER for complainants.

R. McPHAIL SMITH for defendants.

McFARLAND, J., delivered the opinion of the court.

This case depends upon the construction of the
deed of Oscar Hamilton to John Thompson, trustee,
of the 29th September, 1857, for the benefit of his
brother, Mortimer Hamilton and his wife Emeline, and
their children. The *habendum* clause of this deed, in
plain language, declares that the property is to be
held in trust for the use of Mortimer Hamilton and
wife during their lives, for the use of the survivor
during life, with remainder to their children then liv-
ing or afterwards born. From this it is clear that

Hamilton *v.* Insurance Company.

the income or use of the property during the lives of the parents is for their use and benefit, and the children would take a vested remainder, to be enjoyed after the death of the surviving parent, and consequently the children would have no interest in the *income* during the life of either parent. If the deed contained nothing more, it would be clear that the children, although having no right to the income during the life of either parent, would still have a clear right to have their vested remainder protected. But the deed contains a power of disposition in these words: "I further direct and empower the said trustee to sell, exchange or otherwise dispose of any or all of said property as he may think best for the purposes of this gift, provided said Mortimer and Emeline concur in such disposition or charge if they both be living, if but one, the consent of the surviving one." The deed then contains this further general recital of its objects and purposes, to-wit: "I make this gift for the support, so far as the same may go, of my brother Mortimer Hamilton and his wife and children, with a full knowledge of his pecuniary embarrassment, and it is my right, as it is my intention, to help him and his family to this extent, and to place these means in such a situation that they shall be thus used, and not otherwise, during the life of my brother and his wife, and if anything be left, to be divided between their children." This still evinces the purpose to give the brother and wife the income during life, and the children only the remainder.

It appears from the allegations of the bill that the trustee (now Mortimer Hamilton), together with his said wife, have executed a deed conveying part of the property to secure a debt; that a bill has been filed against them and a decree had for the sale of the property for the satisfaction of the debt, to which decree, so far as appears, they have submitted.

This bill is by the children of Mortimer and Emeline Hamilton to enjoin the sale, upon the ground, in substance, that the deed of the trustee, to which the wife as well as the husband assented, was not in accordance with the power of sale or disposition contained in the deed of Oscar Hamilton, because it was made to secure a debt of a third person, to-wit, one T. H. Hamilton, and not for the purposes of the gift, that is, the support of Mortimer Hamilton, his wife and children.

As we have seen, the only interest the children have is to protect their remainder. The conveyance, at all events, would be good against the tenants for life, as they have submitted to a decree against them. Is there any remainder that can prevail against the deed of the trustee? If the power of sale had not been exercised, the remainder that might be left, although of an uncertain character, might be upheld in this sort of a case, notwithstanding the power of disposition: *Deaderick* v. *Armour*, 10. Hum., 588.

But the power having been exercised—when it should be exercised being left alone to the trustee, with the consent of Hamilton and wife—and there being no fraud alleged, the remainder is cut off and lost.

The argument concedes, and indeed it could not be denied, that if the power of sale had been properly exercised, the remainder of their children in this property would be lost. No condition or contingency is specified upon which the power was to be exercised, that the court can lay hold of to control the trustee and tenants for life; nor is the power limited. The right of the trustee and tenants for life to dispose of the property and use the *corpus*, is clear. The remaindermen are to get only what may be left. If the tenants for life and trustee choose to so dispose of it as to consume the *corpus* and have no remainder, there can be no complaint, it not being alleged to have been done for the fraudulent purpose of defeating the remaindermen.

We refer to and adopt the opinion of Judge Cooper as chancellor (3 Tenn. Ch., 125), and affirm the decree, dismissing the bill with costs.